915 P.2d 1382

**Sheryl TYLER, an individual, Plaintiff–Appellant,**

**and**

**Robert R. King, an individual, Plaintiff,**

**v.**

**Frank KEENEY and Jane Doe Keeney, husband and wife, d/b/a Frank Keeney Logging, Defendants–Respondents.**

No. 21601.

Court of Appeals of Idaho.

April 25, 1996.

Brown & Litteneker, Lewiston, for appellant. Charles A. Brown, argued.

Danny J. Radakovich, Lewiston, for respondents.

PERRY, Judge.

We are asked in this appeal to review the district court's order denying Sheryl Tyler relief on his I.R.C.P. 60(b) motion. We agree with the district court's conclusion that Tyler was not entitled to Rule 60(b) relief because Tyler acted unreasonably in failing to communicate with this counsel to monitor the case. We, therefore, affirm the district court's order denying relief under I.R.C.P. 60(b)(1) and (3). We hold as harmless the district court's failure to rule on Rule 60(b)(6) grounds for relief.

## I.

## FACTS

In 1992, Tyler brought an action against Frank Keeney asserting breach of an oral contract for timber harvesting and log skidding services. Keeney counterclaimed, alleging that Tyler had failed to provide crews and services, which contributed to the shutdown of Keeney's operation and loss of income for Keeney. Because of an inability to maintain contact with his client to defend against the counterclaim or to pursue the original claim, Tyler's counsel was granted leave to withdraw in April 1993. The appropriate notices of the withdrawal were direct-

ed to Tyler's last known address in Peck, Idaho.

On August 10, 1993, Tyler's complaint was dismissed, and later, on January 6, 1994, a default judgment was entered in favor of Keeney on his counterclaim. Only after Keeney had obtained a writ of execution to satisfy the judgment by levying upon property owned by Tyler did Tyler learn of the default judgment entered against him. Tyler claimed that he had never received actual notice of his counsel's withdrawal because he was no longer receiving his mail in Peck. Nor did he receive notice of the subsequent motion for default judgment on the counterclaim filed by Keeney. With the help of new counsel, Tyler obtained a temporary restraining order halting Keeney's execution efforts and moved to set aside the default judgment. His motion was filed within six months of the entry of the default judgment from which he sought relief. The district court denied relief, and Tyler appeals.

## II.

### ISSUES ON APPEAL

Tyler contends on appeal that the district court erred in refusing to set aside the default judgment on grounds of mistake, inadvertence or excusable neglect. I.R.C.P. 60(b)(1). Tyler challenges the district court's finding that he had not acted as a reasonably prudent person by failing to advise counsel of his whereabouts or provide any address and by failing to ascertain from counsel the disposition of a proposed settlement submitted on his behalf to Keeney. Tyler also asserts error in the denial of relief from the default judgment based on the district court's finding of no fraud. I.R.C.P. 60(b)(3).[1] Finally, Tyler contends that the district court failed to rule on the applicability of I.R.C.P. 60(b)(6) to Tyler's request for relief from the default judgment, which omission he claims was error.

## III.

### DISCUSSION

■ A motion to set aside a default judgment is addressed to the sound legal discretion of the court, and the trial court's decision will not be reversed unless an abuse of discretion clearly appears. *Catledge v. Transport Tire Co.*, 107 Idaho 602, 691 P.2d 1217 (1984); *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983). On review of the trial court's application of law to the facts found on a motion to set aside a default judgment upon the grounds set forth in I.R.C.P. 60(b)(1), the reviewing court will consider whether appropriate criteria were applied and whether the result is one that logically follows. Thus, if: (a) the trial court makes findings of fact which are not clearly erroneous; (b) the court applies to those facts the proper criteria under I.R.C.P. 60(b)(1) (tempered by the policy favoring relief in doubtful cases); and (c) the trial court's decision follows logically from the application of such criteria to the facts found, then the trial court will be deemed to have acted within its sound discretion, and its decision will not be overturned on appeal. *Shelton v. Diamond Int'l Corp.*, 108 Idaho 935, 703 P.2d 699 (1985).

### A. Rule 60(b)(1)

In denying relief under Rule 60(b)(1), the district court found that "a reasonably prudent person [in Tyler's situation] would have at least made arrangements for someone to monitor his mail while he was away or provided his attorney with a forwarding address." The district court found that Tyler's careless attitude toward the lawsuit resulted in the default judgment. Finding that Tyler had not exhibited conduct which might be expected of a reasonably prudent person under the circumstances, the district court concluded that Tyler's neglect in communicating with his attorney was not excusable. For these same reasons, the district court also held that the six-month delay in seeking to set aside the judgment was inexcusable.

Primarily, Tyler disputes the district court's finding of inexcusable neglect in not providing a current address to his counsel.

---

1. Although using the language of fraud and misrepresentation which is found in I.R.C.P. 60(b)(3), the district court in its opinion mistakenly referred to I.R.C.P. 60(b)(5).

Tyler also challenges the finding of unreasonableness in Tyler's assuming that the counterclaim would be dismissed in response to Tyler's offer to discontinue the suit against Keeney and because of counsel's indication that he would try to settle the case. Tyler argues that because there was an ambiguity as to the number of times he had contacted his counsel, the district court should have granted relief in accordance with Idaho's recognized policy disfavoring default judgments. Tyler also contests the district court's finding that his delay in seeking Rule 60(b) relief from the judgment was inexcusable.

In his affidavit accompanying the Rule 60(b) motion, Tyler stated that he had not lived at the Peck address after May 1992 and that the property was foreclosed upon in April 1993. In his deposition, which was attached to an affidavit submitted by counsel for Keeney, Tyler testified that he had made no provision to have his mail forwarded after he moved from Idaho to New Mexico and then to Colorado. He acknowledged his daughter-in-law's signature on receipts showing delivery of certified mail addressed to Tyler at the Peck address where she and her husband continued to live after Tyler relocated. Tyler testified that he was never sent, nor learned about, any mail he might have received in Idaho because he had very limited contact with his family and had not provided them with either his address or telephone number. An affidavit from the clerk of the Nez Perce County district court reflected that copies of the August 10, 1993, order dismissing his complaint and the judgment dated January 6, 1994, had been mailed to Tyler at his Peck address and had not been returned as undeliverable. We agree with the district court that Tyler's conduct was not the conduct of a reasonable person under like circumstances. *See Gro–Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). As the district court found, Tyler's failure to inform his counsel of his whereabouts and the resulting default judgment was attributable to Tyler. The district court's factual finding was not clearly erroneous.

Tyler stated in his affidavit that he kept in touch with his lawyers by calling on a monthly basis or visiting the law firm office when he was in town. Tyler admitted, however, that he stopped calling once he was informed that the firm had obtained a judgment, dated March 29, 1993, in his favor, in a separate suit Tyler was litigating against Hudson Logging. Tyler's affidavit further submitted that, based on his last conversation with an associate in the law firm, which occurred shortly after Keeney's filing of an answer and counterclaim, it was his understanding that this case would be resolved. Tyler admitted, however, that he had no further contact with the firm after this conversation where counsel indicated that he would contact Keeney with Tyler's proposal to drop his claim if Keeney would agree to dismiss the counterclaim. Tyler also stated that he was unaware of his counsel's withdrawal from the case in April 1993 which required him to notify the court as to who would be representing him from that point.

In ruling on Tyler's Rule 60(b)(1) motion, the district court did not specifically discuss mistake as the basis for granting Tyler relief. The district court, however, determined that Tyler was unreasonable in assuming that his case had been resolved just because his counsel was prepared to propose a possible settlement to Keeney. For relief to be granted based on mistake, the mistake must be one of fact, not law. *Golay v. Loomis,* 118 Idaho 387, 797 P.2d 95 (1990). For the mistake to be excusable, a determination should be made by examining what a reasonably prudent person would do under similar circumstances. *Thomas v. Thomas,* 119 Idaho 709, 809 P.2d 1188 (Ct. App.1991).

Although Tyler's mistake was one of fact, he has not shown that it was a mistake which might be made by a reasonably prudent person involved in litigation. For Tyler to conclude that the case was resolved, without ever inquiring as to Keeney's response to the offer to settle, does not meet Rule 60(b)(1) criteria sufficient to justify relief. *See Kovachy v. DeLeusomme,* 122 Idaho 973, 976, 842 P.2d 309, 312 (Ct.App.1992).

Tyler argues that the district court should have resolved the ambiguity in the

testimony in his favor. He argues that the ambiguity, which was the result of conflicting testimony as to how many times Tyler had contacted his counsel, compels the granting of relief from the default judgment. However, resolution of factual issues is for the trial court, and the trial court's findings will not be disturbed unless they are clearly erroneous. *Shelton,* 108 Idaho at 937–38, 703 P.2d at 701–02. The district court's findings here are supported by substantial evidence and are not clearly erroneous. Therefore, we affirm the denial of relief under Rule 60(b)(1).

### B. Rule 60(b)(3)

The district court denied relief under I.R.C.P. 60(b)(3), holding that Tyler had not demonstrated a sufficient basis to set aside the judgment on fraud grounds. Without deciding whether the facts in the counterclaim and the affidavit in support of Keeney's motion for default constituted extrinsic fraud, the district court determined that the alleged fraud did not satisfy the standard for fraud upon the court. Tyler contends that the district court erred in not setting aside the judgment under Rule 60(b)(3), arguing that the factual allegations made in Keeney's counterclaim were untrue and fraudulent.

■ Fraud by the opposing party is properly raised under Rule 60(b)(3). Rule 60(b)(3) provides that a court may relieve a party from a final judgment if there was fraud, misrepresentation, or other misconduct of an adverse party. Pursuant to the comparable federal Rule 60(b)(3), fraud must be established by clear and convincing evidence and must have prevented the moving party from fully and fairly presenting his case. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2860 (1973). Rule 60(b)(3) seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics. *Optimal Health Care Services, Inc. v. Travelers Ins. Co.,* 801 F.Supp. 1558, 1561 (E.D.Texas 1992). *See also Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir.1978) (Rule 60(b)(3) aimed at unfairly obtained judgments, not factually incorrect judgments, although the misconduct need not rise to the level of fraud on the court to justify relief from judgment).

■ We conclude that Tyler's motion for relief from the judgment on fraud grounds merely asserts the defenses to the counterclaim that he would have raised but for the default judgment. We agree with the district court that Tyler has not shown that Keeney perpetrated any fraud to warrant setting aside the judgment. We hold that any obstacle to the full and fair presentation of Tyler's case was Tyler's responsibility. Accordingly, we affirm the district court's order denying relief on the Rule 60(b) motion on the basis of fraud.

### C. Rule 60(b)(6)

Rule 60(b)(6) authorizes modification of a judgment for "any other reason justifying relief from the operation of the judgment." The district court did not address Rule 60(b)(6) in its opinion and order denying Tyler's motion to set aside the default judgment. Tyler asserts that it was reversible error for the district court not to rule on this issue.

■ The only reason advanced by Tyler for Rule 60(b)(6) relief, however, was that the district court had equity powers to grant such relief. Where the facts asserted fall fairly under Rule 60(b)(1), and no other facts have been argued, Tyler cannot be granted relief under Rule 60(b)(6). *See Pullin v. City of Kimberly,* 100 Idaho 34, 37 n. 2, 592 P.2d 849, 851 n. 2 (1979). We conclude, therefore, that the district court's failure to consider Tyler's Rule 60(b)(6) claim was harmless.

### D. Attorney Fees

Tyler requests attorney fees on appeal based on I.C. § 12–120(3). Keeney also requests attorney fees on appeal based on I.C. § 12–120(3) and upon I.C. § 12–121. Both parties recognize this action as one to recover on a contract for services.

■ When the action is on a contract, I.C. § 12–120(3) generally mandates an award of attorney fees to the prevailing party on appeal as well as at trial. *Bott v. Idaho*

*State Bldg. Authority,* 122 Idaho 471, 481, 835 P.2d 1282, 1292 (1992). We deem Keeney to be the prevailing party in this appeal and, accordingly, award costs and attorney fees pursuant to I.C. § 12–120(3).

## IV.

### CONCLUSION

We hold that the district court properly ruled that Tyler's conduct was not that of a reasonably prudent person under the circumstances. We conclude that the district court did not abuse its discretion in denying Rule 60(b) relief, and we affirm the denial of Tyler's claims under clauses (1) and (3). As to the Rule 60(b)(6) claim, we conclude that the district court's error in failing to address this claim was harmless.

The order denying relief is affirmed. Costs and attorney fees are awarded to respondent, Keeney, in amounts to be determined pursuant to I.A.R. 40 and 41.

WALTERS, C.J., and LANSING, J., concur.