953 P.2d 598

**LEASEFIRST, Plaintiff–Respondent,**

**v.**

**Michael BURNS dba Monument Camera and Video, and Sara Burns, Defendants–Appellants.**

**No. 23423.**

Supreme Court of Idaho, Boise, December 1997 Term.

March 10, 1998.

Sisson & Associates, Sallaz Law Offices, Chtd., Boise, for defendants-appellants. Lee D. Croft argued.

Wilson & McColl, Boise, for plaintiff-respondent. Jeffrey M. Wilson argued.

TROUT, Chief Justice.

This appeal arises from the district court's denial of appellant's motion to set aside a default judgment taken in Michigan and subsequently filed in Idaho.

## I.

## BACKGROUND

On March 17, 1989, appellant Michael Burns, dba Monument Camera and Video, (Michael) entered into a lease with respondent LeaseFirst for a Konica automatic mini-lab color printer. Michael and his wife, Sara Burns (Sara) guaranteed the lease. The term of the lease was 60 months with monthly payments of $578.38, exclusive of taxes and options, for a total of $34,702.80. Under the terms of the lease, the Burnses consented to Michigan law, jurisdiction and venue. ·In addition, the Burnses agreed to service of

process by certified mail to either themselves or their agents in Michigan. Also under the terms of the lease, any sums not paid when due were subject to a late charge and collections fees. If, at any time, the Burnses defaulted on the lease, LeaseFirst could accelerate all payments due and collect attorney fees.

Michael claims that early in 1991 he began receiving telephone calls and letters from LeaseFirst claiming that he was delinquent in his payments. Michael further claims that after several months of letters and telephone calls Al Prouse of LeaseFirst told Michael that his payments were current and that he should ignore any communications from LeaseFirst's attorneys. Michael did not provide a date as to when this communication occurred. The record does reflect that on March 6, 1991, LeaseFirst's attorneys sent identical demand letters to Michael and Sara. The letters claimed that the lease was in default and demanded that, if immediate payment of $ 3,394.47 was not made to bring the lease current, suit would be filed within ten days. The letters further stated that once commenced, the litigation would be carried through to judgment and that any payments made after the commencement of litigation would not be accepted as settlement. On May 23, 1991, LeaseFirst filed suit against the Burnses in the County of Oakland, Michigan. A copy of the summons and complaint was served by certified mail on Michael, who signed the return receipt card on June 3, 1991. Michael claims that he was never served. A second copy of the summons and complaint was mailed to Sara's agent in Michigan on June 25, 1991. The agent acknowledged receiving the summons and complaint and forwarded them to Sara.

The records of LeaseFirst's attorneys indicate that on June 14, 1991 they received a telephone call from the Burnses' attorney who said that Michael had recently been served with a complaint and that he would call back with a settlement offer. No offer was received. On July 3, 1991, the Michigan court entered a default judgment against Michael for $35,210.26. Copies of the judgment and proof of service were mailed to Michael on July 11, 1991. Michael claims that he

never received a copy of the judgment. On August 27, 1991, a default judgment was entered against Sara for $34,507.01. Copies of the judgment and proof of service were mailed to Sara on September 5, 1991.

On November 26, 1991, LeaseFirst's attorney, Gerald Flagg, wrote to the Burnses' attorney in response to letters Flagg had received from him. In the letter, Flagg specifically mentioned the judgment against Sara and offered to set aside the judgment if the lease payments were made current. On December 11, 1992, Michael wrote to Flagg offering to settle for $5000.00. This offer was not accepted. Michael again wrote to Flagg on July 14, 1993, disputing charges for property taxes and requesting a settlement offer. Flagg then wrote to Michael on October 25, 1994 demanding payment on the Michigan judgment and offering to accept monthly payments of $3000 for 12 months.

On July 18, 1995, Michael received a letter from NationsBank, which had purchased the assets of LeaseFirst, offering to settle the account. Michael contacted NationsBank and told them he was current on the lease. NationsBank then contacted Flagg. Flagg contacted Michael by fax and letter on August 31, 1995 detailing what LeaseFirst contended was still owed on the lease along with holdover rent and the lease end value of the equipment.

On October 10, 1995, the Michigan judgment against Sara was filed in Idaho in the fourth judicial district court. Due to filing errors, the judgment against Michael was not filed until February 16, 1996. On July 13, 1996, the Burnses filed a motion to set aside the default judgments. A hearing on the motion was held in which only documentary evidence was submitted. The Burnses argued that the judgments should be set aside under I.C. § 10–1404(2)(e) because the judgments were contrary to an agreement between the parties. The Burnses also argued that the judgments should be set aside under I.R.C.P. 60(b)(1) on the basis of surprise, mistake and excusable neglect; under 60(b)(5) because the judgments had been satisfied, released or discharged; and under 60(b)(6) for equitable reasons. In a written decision and order, the district court ruled

that the reasons given by the Burnses for failing to appear in the Michigan actions were insufficient to set aside the judgment and denied the motion. On appeal, the Burnses argue that the district court abused its discretion in denying their motion to set aside the Michigan judgments.

## II.

### STANDARD OF REVIEW

The proper standard for reviewing a motion to set aside a default judgment when only documentary evidence is presented was set forth in *Shelton v. Diamond International Corp.*, 108 Idaho 935, 703 P.2d 699 (1985). In *Shelton*, we held that:

> [A] trial court decision on a motion for relief from a default judgment will not be disturbed on appeal unless it represents an abuse of discretion.... Where the evidence is entirely in writing, we may draw our own impressions from the record, but we will not substitute our impressions for findings of fact by the trial judge unless we are convinced that those facts are clearly erroneous.... When we review, on appeal, the trial court's application of law to the facts found, we will consider whether appropriate criteria were applied and whether the result is one that logically follows. Thus, if (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. Its decision will not be overturned on appeal.

*Shelton*, 108 Idaho at 937–38, 703 P.2d at 701–02 (quoting *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983)).

1. Idaho Code § 10–1404 reads in part:
 (2) A foreign judgment need not be recognized if: (e) The proceeding in the foreign court was

## III.

### IDAHO CODE, SEC. 10–1404(2)(e)

The Burnses argue that the Michigan judgments must be set aside under I.C. § 10–1404(2)(e) because the judgments were contrary to the alleged agreement between Michael and Al Proust of LeaseFirst that the lease payments were not in arrears.[1] The Burnses reliance on § 10–1404 is misplaced. We have previously held that § 10–1404 does not apply to judgments from sister states, but only to judgments from foreign countries. *G & R Petroleum, Inc. v. Clements*, 127 Idaho 119, 898 P.2d 50 n. 1 (1995). Therefore, the district court's refusal to set aside the judgment on the basis of I.C. § 10–1404(2)(e) was not in error.

## IV.

### IDAHO RULE OF CIVIL PROCEDURE 60(b)

Regardless of the applicability of I.C. § 10–1404, the Burnses argue that the judgments should be set aside under I.R.C.P. 60(b). Specifically, the Burnses contend that they should be relieved of the judgments due to mistake, surprise or excusable neglect (Rule 60(b)(1)); satisfaction, release or discharge (Rule 60(b)(5)); or on the basis of equity (Rule 60(b)(6)).

#### A. *Mistake.*

"A mistake sufficient to warrant setting aside a default judgment must be of fact and not of law." *Hearst Corp. v. Keller*, 100 Idaho 10, 11, 592 P.2d 66, 67 (1979), *disapproved on other grounds*, 108 Idaho 935, 703 P.2d 699 (1985). The Burnses claim that they did not respond to the summons and complaint from LeaseFirst because they believed the dispute had been settled, a mistake of fact. To determine whether a mistake of fact is sufficient to set aside a judgment, a court should look to what a reasonably prudent person would do under similar circumstances. *Tyler v. Keeney*, 128 Idaho 524, 915 P.2d 1382 (Ct.App.

contrary to an agreement between the parties under which the dispute in question was to be settled other than by proceedings in that court.

1996). In other words, the mistake cannot be due to willful ignorance. *Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983), *disapproved on other grounds*, 108 Idaho 935, 703 P.2d 699 (1985). At best, the Burnses were receiving conflicting messages from LeaseFirst regarding the lawsuit. The Burnses failure to try and reconcile these conflicting messages can be fairly characterized as willful ignorance. We therefore find that the district court did not abuse its discretion in refusing to set aside the judgments on the basis of mistake.

### B. *Surprise.*

■ In the context of Rule 60(b), surprise is defined as "some condition or situation in which a party to an action is unexpectedly placed to his injury, without any default or negligence of his own, and which ordinary prudence could not have guarded against." *Nickels v. Durbano*, 118 Idaho 198, 203, 795 P.2d 903, 908 (Ct.App.1990) (quoting *Mid Kansas Fed. Sav. & Loan Ass'n. v. Burke*, 233 Kan. 796, 666 P.2d 203 (Kan.1983)). The Burnses argue that they were surprised because they had been told by a representative of LeaseFirst to ignore the complaint. The district court in reaching its decision found that the Burnses had not been misled by LeaseFirst into believing that the dispute had been settled. The record demonstrates that the Burnses had notice of the lawsuits and that correspondence from LeaseFirst's attorneys to the Burnses and their attorney clearly indicated that LeaseFirst intended to enforce its rights. In light of this evidence, we do not find the district court's conclusion that the Burnses had not been misled to be clearly erroneous. Because the Burnses had not been misled, the district court did not err in refusing to set aside the judgment on the basis of surprise.

### C. *Excusable Neglect.*

■ In order to claim excusable neglect as a basis to set aside a judgment, the conduct of the party must be that which would be expected of a reasonably prudent person under the same circumstances. *Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979), *disapproved on other grounds*, 108 Idaho

935, 703 P.2d 699 (1985). Mere indifference is not enough. *Thomas v. Stevens*, 78 Idaho 266, 300 P.2d 811 (1956). In addition, "[t]he party claiming excusable neglect must have exercised due diligence in the prosecution of his rights . . . ." *Olson v. Kirkham*, 111 Idaho 34, 38, 720 P.2d 217, 221 (Ct.App.1986).

■ The Burnses argue that their continued attempts to settle the dispute show that they were not indifferent to the lawsuit and the district court erred in not considering these negotiations. However, the negotiations upon which the Burnses rely were aimed at paying off the judgment, not setting it aside. We agree with the district court that negotiations to satisfy a judgment do not constitute due diligence in challenging the validity of entry of the judgment.

■ Additionally, the Burnses contend that once the judgments were filed in Idaho they were diligent in prosecuting their rights by filing a motion to set aside the judgments. While we agree that the Burnses were diligent once the judgments were filed in Idaho, the same cannot be said prior to the domestication of the Michigan judgments. Under Michigan Rule of Civil Procedure 2.612(c), the Burnses had one year to file a motion to set aside the default judgments on the same grounds allowed under I.R.C.P 60(b). The record shows that copies of the respective judgments were mailed to Michael and Sara. In addition, the record contains a letter received by the Burnses' attorney within the one year time period, in which the judgment against Sara is specifically mentioned. Thus, the record shows that the Burnses had knowledge of at least the judgment against Sara in time to file a motion to set aside in Michigan, but failed to do so. Idaho appellate courts have not addressed the precise issue of when the duty of diligence in setting aside a foreign judgment begins. We hold today that the duty of diligence in setting aside a foreign judgment begins, not when the judgment is domesticated in Idaho, but when the party becomes aware of the judgment. Since the Burnses did not exercise their rights in Michigan to set aside the judgment after they became aware of it, but instead waited five years until the judgment was filed in Idaho to pursue their rights, we

find that the district court did not abuse its discretion in denying the motion to set aside on the basis of excusable neglect.

### D. *Satisfaction, Release or Discharge.*

 The Burnses claim that the statement from LeaseFirst's representative that the lease payments were current was a release or discharge entitling them to relief under Rule 60(b)(5). However, as noted above, the district court found that Lease-First had not misled the Burnses into believing that a settlement had been reached. This finding is not clearly erroneous in light of the evidence that the Burnses continued to make settlement offers well after a settlement was alleged to have been reached. The Burnses also argue that the lease payments they continued to make had satisfied the judgment. At oral argument, however, counsel for the Burnses candidly admitted that while lease payments had been made, there had been no specific satisfaction of the judgment.

 On appeal, the Burnses complain that the district court committed reversible error by not specifically addressing their claim for relief under Rule 60(b)(5). Because we hold that the Burnses are not entitled to relief under Rule 60(b)(5), the district court's failure to specifically address this issue in its ruling was harmless error. *See, Tyler v. Keeney,* 128 Idaho 524, 915 P.2d 1382 (Ct. App.1996).

### E. *Equity.*

 The Burnses also argue that the district court erred by failing to consider their request for relief under Rule 60(b)(6). Rule 60(b)(6) allows a court to set aside a judgment for "any other reason justifying relief. . . ." The application of Rule 60(b)(6) to the present case, however, would be inappropriate. This Court has held "that 60(b)(1) and 60(b)(6) are mutually exclusive provisions, such that a ground for relief asserted, falling fairly under 60(b)(1), cannot be granted under 60(b)(6)." *Pullin v. City of Kimberly,* 100 Idaho 34, 37, 592 P.2d 849, 852, n. 2 (1979) (citation omitted). The Burnses' claim that they were entitled to relief under 60(b)(6) because of LeaseFirst's inaccurate accounting and inconsistent and misleading communications, is the same argument they made under 60(b)(1). Where the facts asserted fall fairly under 60(b)(1) and additional facts have not been asserted, then relief cannot be granted under 60(b)(6). *Tyler v. Keeney,* 128 Idaho 524, 528, 915 P.2d 1382, 1386 (Ct.App.1996) (citing *Pullin v. City of Kimberly* ). Therefore, the district court was correct not to consider relief under 60(b)(6).

### V.

### ATTORNEY FEES

 LeaseFirst claims that it should be awarded attorney fees under the terms of the lease as well as under I.C. §§ 12–120(3) and 12–121. Under the terms of the lease, the Burnses agreed to pay LeaseFirst's reasonable attorney fees for any civil action or appeal in which LeaseFirst prevailed. "[W]here there is a valid contract between the parties which contains a provision for an award of attorney fees and costs, the terms of that contractual provision establish a right to an award of attorney fees and costs." *Farm Credit Bank v. Wissel,* 122 Idaho 565, 568–69, 836 P.2d 511, 514–15 (1992). The Burnses have not challenged the validity of the lease contract. Thus, under the terms of the lease, LeaseFirst is entitled to reasonable attorney fees.

### VI.

### CONCLUSION

For the reasons stated above, the district court's decision to deny the motion to set aside the default judgment is hereby affirmed. Costs and reasonable attorney fees are awarded to Respondent on appeal.

JOHNSON, SCHROEDER and WALTERS, JJ., and HART, J. pro tem., concur.