117 P.3d 120

Richard and Kathryn SUITTS,
individuals, Plaintiffs–
Respondents,

v.

Cherry NIX aka Sherry Nix, aka Cheri
Nix, an individual, Defendant–
Appellant,

and

Kenneth Jones, an individual; Amy Jones,
fka Amy Dees, an individual; Daniel A.
Amoruso, an individual; William D.
Huckstep, an individual dba Huckstep
House Movers; Hiddleston & Son, Inc.,
an Idaho corporation dba Hiddleston
Drilling & Pump Co., Defendants.

No. 30493.

Supreme Court of Idaho,
Boise, May 2005 Term.

June 15, 2005.

Rehearing Denied Aug. 4, 2005.

Cherri Nix, Mountain Home, appellant pro se.

Richard and Kathryn Suitts, Springfield, Oregon, respondents pro se. Richard Suitts argued.

EISMANN, Justice.

This is an appeal from an order denying a motion under Rule 60(b) to set aside default judgments on the grounds of excusable neglect and fraud. We affirm the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On September 20, 1994, Richard and Kathryn Suitts contracted to sell certain real property located in Mountain Home, Idaho, to Amy Dees and Kenneth Jones. The contract provided for a down payment of $2,000, monthly principal payments of $400, and monthly payments of accrued interest. It also provided that if a default went uncured after providing a sixty-day written notice, they could declare the contract forfeited and recover possession of the real property.

On April 28, 1998, Kenneth Jones and Amy Jones, who was formerly Amy Dees, contracted to sell the real property to Cherri Nix. The contract provided for a $17,000 down payment and monthly payments of $400, which included interest. Nix did not assume the prior contract. Rather, the Joneses agreed to continue making the payments as they came due under that contract. On June 4, 1998, Nix quitclaimed an undivided one-third interest in the real property to Daniel Amoruso.

On January 30, 2002, the Suitts filed this action against the Joneses, Nix, Amoruso, William Huckstep, and Hiddleston & Son, Inc. The Suitts alleged that the Joneses had defaulted by not paying the sums due under their contract and had failed to cure that default within the time permitted under their contract. They therefore sought to have that contract declared forfeited, to recover possession of the real property, and to have title to the property quieted in them free from any claims of the defendants. The Suitts named Huckstep and Hiddleston & Son, Inc., as defendants because those parties had obtained and recorded money judgments against Nix, which may be liens upon her interest in the real property. The Suitts also sought money judgments against the Joneses and Nix in the sum of $2,214.66 for back taxes, $340.00 for unpaid irrigation assessments, $400 per month as damages for the loss of use of the property after default, and $2,000.00 in attorney fees.

Nix was served on February 18, 2002, and on March 6 she filed a notice of appearance. On March 13, 2002, the Suitts gave Nix notice of their intent to take default against her for failing to file an answer. Nix did not file an answer, and on April 16, 2002, the district court entered a default judgment against her for $4,400.00 in principal, $354.41 in interest, $122 in court costs, and $2,000 in attorney fees, for a total of $6,476.41. Almost one year later on April 9, 2003, the district court entered a judgment quieting the Suitts' title in the real property as against Nix.

On June 19, 2003, the Suitts obtained a writ of execution seeking to have the Elmore County Sheriff remove Nix from the real property. At that time, the judgment against Nix was not yet final. Although the Suitts had obtained default judgments on April 9, 2003, quieting their title in the property as against Nix and the Joneses, other

claims remained to be resolved in the litigation. The Suitts' request for a money judgment against the Joneses was still pending; no judgment had been entered against either Amouruso or Hiddleston & Son, Inc., both of whom requested that the trial court order a judicial foreclosure of the real estate contract; and Huckstep had a pending counterclaim against the Suitts for unjust enrichment based upon improvements he had made to the real property.

On June 26, 2003, Nix filed a motion seeking to quash the writ of execution, a motion to set aside the default and default judgments against her, and an answer to the complaint. Nix's motions were heard on August 5, 2003. On August 28, the district court entered its decision and order denying Nix's motion to set aside the default and the default judgments. It found that she had not filed the motion within six months after the first default judgment and within a reasonable time after the second default judgment.

On September 11, 2003, Nix filed a motion for reconsideration, which the district court heard on November 18, 2003. She argued, among other things, that the district court had not addressed her motion to quash the writ of execution. On November 26, 2003, the district court issued its decision and order quashing the writ of execution on the ground that the clerk should not have issued it because the judgment against Nix was not a final judgment. The district court also vacated and re-entered the default judgments against Nix to afford her an opportunity to renew her motions to set them aside. The order re-entering the judgments included a Rule 54(b) certificate so that they would be final judgments.

On December 23, 2003, Nix filed a second motion to set aside the default judgments. She contended that her neglect was excusable because she thought the language of her notice of appearance protected her from a default judgment and that she could disregard the notice of intent to take default. She also contended that certain statements by Richard Suitts in his affidavits were false, constituting fraud. The district court heard her motion on January 6, 2004, and eight days later it entered its memorandum decision and order denying the motion. The court found that her motion was untimely,

that she had failed to show excusable neglect, that she had failed to show fraud, and that she had failed to show a meritorious defense against the Suitts. Nix timely appealed.

## II. ANALYSIS

■ In her opening brief, Nix listed eleven assignments of error, but she did not present argument supporting them. She simply stated that time constraints did not allow her to do so. Issues on appeal that are not supported by propositions of law or authority are deemed waived and will not be considered by the Supreme Court. *Eagle Water Co., Inc. v. Roundy Pole Fence Co., Inc.*, 134 Idaho 626, 7 P.3d 1103 (2000). In her reply brief, Nix does present argument and authority supporting some of those issues, but "this Court will not consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief.

■ Nix contends that the district court erred in failing to find that she had established grounds for setting aside the default judgments. Because judgments by default are not favored, a trial court should grant relief in doubtful cases in order to decide the case on the merits. *Garren v. Saccomanno*, 86 Idaho 268, 385 P.2d 396 (1963). A trial court's denial of a motion to set aside a default judgment under Rule 60(b) will not be set aside unless the trial court abused its discretion. *LeaseFirst v. Burns*, 131 Idaho 158, 953 P.2d 598 (1998). The findings of fact made by the trial court in deciding the motion will not be set aside unless they are clearly erroneous. *Id.* If the trial court applies those facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion. *Id.*

■ **Excusable neglect.** Rule 60(b)(1) of the Idaho Rules of Civil Procedure provides that a trial court may relieve a party from a final judgment on the ground of ex-

cusable neglect. The conduct constituting excusable neglect must be that which would be expected of a reasonably prudent person under the same circumstances. *LeaseFirst v. Burns,* 131 Idaho 158, 953 P.2d 598 (1998). In her notice of appearance filed on March 6, 2002, Nix stated that she "hereby preserves the right to file such other papers and pleadings in said case as may be deemed advisable." She contends that she reasonably believed that such language protected against having a default judgment entered against her and that it was excusable neglect for her then to ignore the notice of intent to take default served upon her on March 12, 2002.

■ "Pro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls County v. Coates,* 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003). In 2002, Rule 55(a)(1) of the Idaho Rules of Civil Procedure provided, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the court, or the clerk thereof, shall enter default against the party." Rule 55(b)(2) provided, "If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application."

Nix does not contend that she had otherwise defended this action. Therefore, she was required to plead—to file an answer—in order to prevent the entry of default against her. She received a notice of intent to take default that informed her, "PLEASE TAKE NOTICE that on or after the 18th day of March, 2002, Plaintiffs will move the Court for an entry of default against Defendant Cherri Nix, on the ground and for the reason that said Defendant has failed to file an answer within the time allowed by law." Nix simply ignored that notice. The district court did not abuse its discretion in holding that her conduct did not constitute excusable neglect.

■ **Fraud.** Rule 60(b)(3) of the Idaho Rules of Civil Procedure provides that a trial court may relieve a party from a final judgment on the ground of fraud. "For purposes of subdivision (3) of the rule, fraud will be found only in the presence of such tampering with the administration of justice as to suggest a wrong against the institutions set up to protect and safeguard the public." *Win of Mich., Inc. v. Yreka United, Inc.,* 137 Idaho 747, 754, 53 P.3d 330, 337 (2002). Nix argues that Richard Suitts committed fraud by making several false statements in the affidavits he filed to obtain default judgments and to oppose her motion to set those judgments aside. The allegedly false statements were that Nix did not file a notice of appearance, that she had no equity in the subject real property, the Suitts never refused a payoff of their contract, that Nix did not provide irrigation to the real property, that Nix did not plant trees on or landscape the property, and that the irrigation ditch on the property was, and for several years had been, in a state of disrepair. None of those statements, even if false, constitute such tampering with the administration of justice as to suggest a wrong against the institutions set up to protect and safeguard the public. The district court did not abuse its discretion in holding that Nix failed to establish fraud sufficient to set aside the default judgments.

### III. CONCLUSION

We affirm the order of the district court denying Nix's motion to set aside the default judgments. We award costs on appeal to the respondents.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK, and JONES concur.