**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50147**

| | |
|---|---|
| DONALD LEONARD HARRIS, | ) |
| | ) **Filed: June 3, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Donald L. Harris, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Donald Leonard Harris appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Harris entered an *Alford*[1] plea to injury to a child, Idaho Code § 18-1501(1), and pled guilty to three counts of possession of sexually exploitative material, I.C. § 18-1507(2)(a). Harris, proceeding pro se, filed a petition for post-conviction relief asserting his guilty plea was involuntary, he had ineffective assistance of counsel, and the presentation of false evidence and testimony prohibited by Idaho Rule of Evidence 404(b) to the grand jury was a violation of his due process rights. Harris also sought the appointment of post-conviction counsel. The district court entered its notice of intent to dismiss the petition, concluding Harris's claims

---

[1]     *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

associated with his guilty plea were contradicted by the record, his ineffective assistance of counsel claim failed to identify evidence further investigation would have produced, and his due process claim related to the grand jury proceeding was waived by his guilty pleas. The district court found Harris's additional claims were without merit and concluded Harris was not entitled to appointed counsel. Harris responded to the notice of intent to dismiss. Ultimately, the district court dismissed Harris's petition and entered a judgment of dismissal. Harris appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

## III.

## ANALYSIS

Harris argues the district court erred by summarily dismissing his petition for post-conviction relief. Harris claims that the district court erred in failing to consider his timely response to the notice of intent to dismiss and in denying appointment of counsel. Substantively, Harris asserts the district court erred because his guilty plea was involuntary, his counsel was ineffective by failing to present mitigating evidence, and the presentation of false evidence and evidence prohibited by Rule 404(b) to the grand jury constituted prosecutorial misconduct and ineffective assistance of counsel for failure to seek a remedy. The State argues the claims are without merit or disproved by the record and that Harris's arguments fail to address the district court's analysis or conclusions.

A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more

than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even where the State does not controvert the applicant's evidence because the court is not required to accept either mere conclusory allegations, unsupported by admissible evidence, or conclusions of law.

3

*State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *see also Roman*, 125 Idaho at 647, 873 P.2d at 901.

The district court issued its notice of intent to dismiss, concluding Harris was not entitled to appointed counsel because he did not allege facts that raised the possibility of any valid claim. Moreover, the district court notified Harris of its intent to dismiss his claims because any prosecutorial misconduct claims were waived because they could have been raised on direct appeal. Additionally, the district court concluded Harris's claims of ineffective assistance of counsel did not identify any specific evidence further investigation would have produced; explain what alternative his counsel should have advised him of regarding the plea agreement; or how his attorney was ineffective.

## A.     Responsive Filing and Mailbox Rule

As an initial matter, Harris claims the district court erred by dismissing his petition because he responded to the notice of intent to dismiss under the timeframe provided through the mailbox rule. A petition for post-conviction relief cannot be dismissed solely for a petitioner's failure to respond to a notice of intent to dismiss. *See Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003), abrogated on other grounds by *Verska v. St. Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011); *see also Rodriquez v. State*, 171 Idaho 634, 643, 524 P.3d 913, 922 (2023) (holding district court erred applying mailbox rule because petition submission deadline fell on a Saturday and rules provided additional three days). The district court addressed Harris's claims in its order stating: "[Harris] having not timely responded by April 30, 2022, *and/or* having not filed a response establishing any material issues of fact justifying an evidentiary hearing in light of this Court's Notice of Intent to Dismiss." (Emphasis added.) The court then dismissed the petition. The certificate of service marks Harris's response as submitted April 26, 2022. Under the mailbox rule, the response was timely; however, while the district court erroneously noted that a timely response had not been filed, the district court dismissed the claims on the evidence properly before it. Harris provided argument but did not provide evidence in his response to the notice of intent to dismiss. Accordingly, we need not address the untimeliness argument because the district court determined Harris's claims failed on the merits--a determination unaffected by Harris's response to the court's notice of intent to dismiss.

4

**B.    Grand Jury Evidence and Prosecutorial Misconduct**

Harris alleged that the prosecutor knowingly or recklessly presented false testimony and evidence prohibited by Rule 404(b) to the grand jury. The district court held that this claim of prosecutorial misconduct before the grand jury was waived because it could have been raised on direct appeal, and Harris had not shown that this issue could not reasonably have been known at that time.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on direct appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010); *Parsons v. State*, 113 Idaho 421, 425, 745 P.2d 300, 304 (Ct. App. 1987). This rule applies unless the issues were not known and could not reasonably have been known during the direct appeal. *Raudebaugh v. State*, 135 Idaho 602, 606, 21 P.3d 924, 928 (2001).

In addressing his misconduct claim, Harris only cites to the transcript of the grand jury proceedings. The grand jury transcript is not included in the record on appeal. The appellant has the burden of alleging and showing in the record an error by the district court in a post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985). Idaho Appellate Rule 35(a)(6) requires the argument section of the brief to contain the argument of appellant with citations to authorities, statutes, and parts of the transcript and record relied upon. To the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed waived. *See Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005); *see also Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) (where appellant fails to assert assignments of error with particularity and support his position with sufficient authority, those assignments of error are too indefinite to be heard by court). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). A party waives an issue on appeal if either argument or authority is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996); *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Harris claims his guilty plea waived his right to raise this issue on appeal. The record shows that Harris in fact appealed his case. However, to the extent Harris's guilty plea waived potential appeal claims, such a waiver does not make post-conviction proceedings appropriate. I.C. § 19-4901(b); *Black v. State*, 165 Idaho 100, 105-06, 439 P.3d 1272, 1277-78 (Ct. App. 2019). Harris has failed to show error.

## C.     Ineffective Assistance of Counsel

We employ the *Strickland*[2] two-prong test to determine whether a defendant in a criminal case received effective assistance of counsel. *Thumm v. State*, 165 Idaho 405, 412-13, 447 P.3d 853, 860-61 (2019). To prevail on a claim of ineffective assistance of counsel, "the applicant for post-conviction relief must demonstrate (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different." *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008). There is a strong presumption that trial counsel was competent and that trial tactics were based on sound legal strategy. *Dunlap*, 141 Idaho at 58-59, 106 P.3d at 384-85. Where, as here, the finding of guilt is based on the defendant's guilty plea, a petitioner is required to show that as a result of counsel's deficient performance there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ridgley*, 148 Idaho at 676, 227 P.3d at 930.

### 1.     Guilty plea

Harris claims that his guilty plea was not knowing, intelligent, and voluntary. Harris claims that counsel failed to properly advise him of the plea agreement and consequences of different types of plea agreements and that counsel (and the prosecutor) bullied him into his guilty plea. The district court found these claims were disproved by the record of the plea hearing colloquy. Specifically, Harris failed to allege evidence that affected his decision to plead guilty in light of his admissions to the district court that his plea was free and voluntary, and he was aware that the court did not have to follow the sentencing recommendations. As to this claim, in his appellant's brief, Harris fails to provide even one citation to the record. As noted, we will not comb the record when Harris fails to adequately cite to the record. I.A.R. 35(a)(6); *Suitts*, 141 Idaho at 708, 117 P.3d at 122. Harris provides assertions and argument without citations or evidence; therefore, his

---

2       *Strickland v. Washington*, 466 U.S. 668 (1984).

6

claim that his plea was involuntary is without merit and fails for the same reasons cited by the district court.

Even if we were to address Harris's contentions on the merits, the claim still fails. The district court took judicial notice of the record and transcript from the underlying criminal case and reviewed the change of plea hearing during which Harris stated:

| | |
|---|---|
| COURT: | Now, do you understand that the Court doesn't necessarily have to follow the sentencing recommendations made by the lawyers? |
| | . . . . |
| DEFENDANT: | Yes. |
| COURT: | Other than that Pretrial Settlement Offer, has anyone promised you anything to get you to plead guilty? |
| DEFENDANT: | No. |
| COURT: | Has anyone threatened you to get you to plead guilty? |
| DEFENDANT: | No. |
| . . . . | |
| COURT: | Are you entering all of these guilty pleas freely and voluntarily? |
| DEFENDANT: | Yes. |

The record indicates Harris assured the district court that he understood the terms of his plea agreement and he was not induced or influenced into the decision to plead guilty. A strong presumption of verity attaches to a defendant's solemn declarations during a plea hearing. *Campos v. State*, 165 Idaho 90, 94, 438 P.3d 787, 791 (Ct. App. 2019) (finding statements made in post-conviction that are contrary to statements incident to guilty plea are "exactly the situation where the appellate courts have held that the post-conviction claims are belied by the record and subject to summary dismissal"). Accordingly, Harris's claim that his plea was involuntary lacks merit. *See Hernandez v. State*, 171 Idaho 663, 667-68, 525 P.3d 318, 322-23 (2023) (holding statements given under oath during a plea colloquy or guilty plea hearing give rise to a rebuttable presumption which a defendant in a post-conviction petition may only rebut when the statement made repudiating the prior statement is not patently frivolous or false when viewed against the record of the plea hearing). The colloquy belies any contention that Harris did not knowingly and voluntarily enter the plea, and Harris has not offered evidence repudiating his prior statements.

## 2. Investigation

Harris asserts his counsel was ineffective by failing to develop mitigating evidence. Among other things, Harris pointed to his use of computers as a hobby, that only two of the five computers seized were his, that he was only a part-time resident where the computers were seized,

7

and the timing of deletion of photographs. Harris claims his counsel should have filed a motion to suppress because the search warrant was based on stale information. The district court concluded Harris had not identified any specific evidence further investigation would have produced or that his counsel's performance fell below professional norms, and Harris made no showing that any different performance would have provided a more favorable outcome. We agree.

First, Harris cites only the grand jury testimony that is not included in the record on appeal. An assignment of error that is not argued and supported in compliance with the Idaho Appellate Rules is deemed to be waived. *Suitts*, 141 Idaho at 708, 117 P.3d at 122. Second, although Harris has alleged "facts" of what an investigation might reveal, he has not alleged what evidence would support those "facts," much less how counsel's performance fell below an objective standard of reasonableness. Consequently, Harris has failed in his burden of alleging and showing in the record an error by the district court. *Almada*, 108 Idaho at 224, 697 P.2d at 1238. Therefore, Harris failed to show the possibility of a valid claim that he received ineffective assistance of counsel based on the failure to investigate or present mitigating evidence.

### 3. Grand jury proceeding

Harris claims that his trial counsel's failure to object to grand jury evidence constitutes ineffective assistance of counsel. Harris alleged that trial counsel failed to challenge the grand jury indictment by objecting to the evidence elicited by the State pertaining to the ownership of the computers, the accusation that there were approximately 3000 illicit photos, and false or inadmissible Rule 404(b) evidence presented to the grand jury. The district court determined Harris's claim regarding false testimony presented to the grand jury failed to show that any testimony presented was false, "much less that the prosecutor knew or should have known it was false." The district court also found no viable prejudice because the charge supported by the allegedly false testimony was dismissed as part of the plea agreement. The district court also explained that Harris failed to support his claim that counsel should have objected to the photos by failing to articulate in what forum the objection would be presented or how his counsel's performance failed to meet the objective standards of reasonable representation. With regard to the Rule 404(b) evidence claim, the district court determined there was probable cause to support the charges to which Harris pled guilty even without the evidence.

Again, Harris only cites to the grand jury transcript, which is not in the appellate record and, without citation to evidentiary support, Harris's claim is waived and fails. In addition, Harris's claims in the district court were conclusory and without evidentiary support. Ultimately, Harris presents no evidence of any shortcoming by trial counsel capable of objective review, such as inadequate preparation or ignorance of the relevant law as required to support his ineffective assistance of counsel claims. *See State v. Abdullah*, 158 Idaho 386, 500, 348 P.3d 1, 115 (2015). As the district court properly determined, merely alleging errors in the grand jury proceedings that would not have resulted in any relief is inadequate to assert the possibility of a valid claim that trial counsel was ineffective.

Thus, the district court did not err by denying Harris's petition for post-conviction relief and summarily dismissing his petition.

**D.    Appointment of Counsel**

Harris contends the district court erred by declining to appoint counsel to assist with his post-conviction petition. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner to assist in preparing the petition both in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). In its analysis, the district court should consider that petitions filed by pro se petitioners may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). If a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385. However, there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014).

In a preliminary section of his appellant's brief entitled "Standard of Review," Harris states that one of the factors which caused the dismissal of his petition was "First, the district court

9

did not appoint counsel to represent the Appellant in the post-conviction proceedings, thus, a Pro se petition was filed without the trained eye of an attorney." Thereafter, Harris claims that "good cause exists" for appointment of counsel. Harris then alludes to the district court applying a frivolous standard when the standard is the existence of the possibility of a valid claim. Harris does not list the refusal to appoint counsel in his statement of the issues on appeal. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). Harris only returns to general legal standards relative to appointment of counsel in the conclusion section of his appellant's brief. Any contentions in the conclusion section will not be considered. *See* I.A.R. 35(a)(6). The district court determined Harris did not allege facts that raise the possibility of a valid claim. Harris does not challenge a specific error in the district court's decision or analysis denying appointment of counsel. Accordingly, any claim that the district court erred by declining to appoint post-conviction counsel fails.

## IV.

## CONCLUSION

The district court did not err by summarily dismissing Harris's post-conviction claims or in refusing to appoint counsel. The district court's judgment summarily dismissing Harris's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.