## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket Nos. 50096 and 50097

| | |
|---|---|
| SAFARIS UNLIMITED, LLC, a limited liability company, as substituted party of interest, ) ) ) ) | |
| Plaintiff-Counterdefendant-Respondent, ) ) ) | |
| and ) ) | |
| MIKE JONES, ) ) | |
| Plaintiff-Counterdefendant-Appellant, ) ) ) | |
| v. ) ) | |
| JEREMY SLIGAR, an individual; and OVERTIME GARAGE, LLC, an Idaho limited liability company, ) ) ) ) | Boise, February 2024 Term<br><br>Opinion Filed: July 19, 2024 |
| Defendants-Counterclaimants-Respondents. ) ) ) | Melanie Gagnepain, Clerk |
| _____ ) ) | |
| MIKE JONES, an individual, ) ) | |
| Plaintiff-Appellant-Cross Respondent, ) ) ) | |
| v. ) ) | |
| JEREMY SLIGAR, an individual; and OVERTIME GARAGE, LLC, a defunct Idaho limited liability company, ) ) ) ) | |
| Defendants-Respondents-Cross Appellants. ) ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Jonathan P. Brody and Eric J. Wildman, District Judges.

The district court's judgment in Docket No. 50096 is <u>affirmed</u>. The district court's judgment in Docket No. 50097 is <u>affirmed</u>.

1

Johnson May, Boise, for Appellant/Cross-Respondent, Mike Jones. Matthew T. Christensen argued.

Hepworth Law Offices, Boise, for Respondents/Cross-Appellants Jeremy Sligar and Overtime Garage, LLC. J. Grady Hepworth argued.

David W. Gadd, Stover Gadd & Associates, Twin Falls, for Respondent Safaris Unlimited LLC.

_____

MEYER, Justice.

These two cases, referred to as *Sligar I* and *Sligar II*,[1] are consolidated on appeal. They arose from the dissolution of a joint business venture. Plaintiff-Appellant Mike Jones appeals from the district court's denial of his Idaho Rule of Civil Procedure 60(b) motion to set aside a judgment and order in *Sligar I* and from the district court's grant of summary judgment to Respondents-Cross Appellants Jeremy Sligar and Overtime Garage, LLC, in *Sligar II*. Sligar and Overtime Garage, LLC, cross-appeal from the district court's denial of an award of attorney fees against Jones's counsel in *Sligar II*. For the reasons set forth below, we affirm both judgments.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

These cases arose from a failed business relationship between Mike Jones,[2] Jeremy Sligar, and Sligar's business, Overtime Garage, LLC (Sligar and Overtime Garage will be referred to collectively as "Sligar"). Jones claimed that the parties formed a joint business venture in 2011 to buy and sell used vehicles through Overtime Garage. While Sligar disputed that a joint venture had been formed, Jones claimed that he bought and sold various vehicles through Overtime Garage for the benefit of the joint venture until the relationship between the parties soured and Jeremy Sligar terminated the joint venture in April 2016.

### A.      *Sligar I*

On May 9, 2016, Jones filed a complaint seeking a declaratory judgment as to the nature of the business relationship, dissolution and winding up of the joint venture, and the appointment of a receiver ("*Sligar I*"). Jones alleged Sligar breached fiduciary duties owed to him. Jones also

---

[1] *Sligar I* is Docket No. 50096 and *Sligar II* is Docket No. 50097.
[2] Appellant-Cross Respondent Mike Jones has been referred to as Mike Von Jones in other cases before this Court. In the present actions, he refers to himself as Mike Jones in the pleadings. As a result, he will be referred to as Jones throughout this opinion.

alleged that Sligar retained "several valuable items of property belonging to the parties," but did not specify which items were retained by Sligar. Jones requested attorney fees under Idaho Code sections 12-120 and 12-121, and costs under Idaho Rule of Civil Procedure 54. Sligar filed an answer and counterclaim that also sought a dissolution of the joint venture and similarly alleged breaches of fiduciary duties against Jones. Sligar sought attorney fees under Idaho Code sections 12-120 and 12-121.

During the *Sligar I* litigation, Jones was involved in a separate lawsuit with Safaris Unlimited, LLC. *See Safaris Unlimited, LCC v. Von Jones*, 158 Idaho 846, 353 P.3d 1080 (2015) ("*Safaris I*"). Safaris obtained a judgment against Jones in 2017. In May 2017, Safaris and Sligar reached an agreement that resulted in Safaris buying Jones's interest in *Sligar I* at a sheriff's sale, then settling *Sligar I* by dismissing Jones's claims against Sligar. As part of the agreement, Sligar agreed to pay Safaris $100,000, and upon payment, Safaris would release Jones's claims against Sligar. On June 28, 2017, Safaris purchased Jones's interest in *Sligar I* at a sheriff's sale, as contemplated by the agreement. On September 18, 2018, Safaris filed a motion for substitution of party plaintiff in place of Jones based on the sheriff's sale. Jones challenged the validity of the sale in successive appeals to this Court. *See Safaris Unlimited, LLC v. Von Jones,* 163 Idaho 874, 421 P.3d 205 (2018) ("*Safaris II*"); *Safaris Unlimited, LLC v. Jones,* 169 Idaho 644, 501 P.3d 334 (2021) ("*Safaris III*").

While *Safaris III* was pending before this Court, Jones filed for Chapter 13 bankruptcy protection. Jones also filed two small claim actions related to a Ford F-800 truck and an electric pickup that Jones received from Sligar in December 2017. Jones claimed that the trucks were his separate property and that Sligar had damaged both. Sligar then filed a motion to consolidate the small claim actions with *Sligar I*, claiming that the trucks were part of the disputed property in *Sligar I*. Jones objected to the consolidation. The district court entered a stay regarding the motion to consolidate until this Court decided the validity of the sheriff's sale in *Safaris III,* the second case brought by Jones that appealed the validity of the sale.

During the stay, Jones's counsel moved to withdraw. A copy of the motion to withdraw was served on Jones. Sligar filed a notice of non-opposition. On November 10, 2021, the district court signed the order granting the withdrawal of counsel. The order required Jones to notify the district court and the other parties in writing of his intent to represent himself in the lawsuit or be

3

represented by new counsel. The order advised Jones that if he did not file a written notification within 21 days, the district court could enter his default. A copy of the order was served on Jones.

Jones was familiar with the requirement for filing a new notice of appearance or self-representation following withdrawal of counsel because, throughout the *Sligar I* litigation, Jones's counsel changed several times. Jones's previous counsel withdrew in February 2018. In March 2018, Jones filed a notice of appearance and intent to proceed as his own attorney. He indicated that he would accept service of any documents while he sought new counsel. In May 2018, Jones obtained new counsel. In November 2021, when Jones received the order authorizing the withdrawal of his then-attorney, Jones did not file a new notice of appearance or indicate to the district court in writing how he intended to proceed in the case.

On December 3, 2021, this Court affirmed the validity of the sheriff's sale in *Safaris III*. Safaris then filed an application for entry of default judgment against Jones. Sligar joined the motion and served a copy of their motion on Jones. On December 15, 2021, the district court entered default against Jones.

On January 14, 2022, the district court received the remittitur in *Safaris III*. That same day, Safaris and Sligar filed a stipulation to substitute Safaris as the plaintiff in place of Jones in *Sligar I*. Safaris and Sligar also stipulated to lifting the stay, transferring the small claim actions to the district court, and consolidating those actions with *Sligar I*. Jones was not served with a copy of the stipulation. On January 21, 2022, the district court issued an order based on the remaining parties' stipulation, which (1) substituted Safaris as the party plaintiff in place of Jones, (2) lifted the stay, and (3) consolidated the small claim actions into *Sligar I*. Jones was served with a copy of the order.

Safaris and Sligar then filed a joint stipulation to dismiss *Sligar I* with prejudice. The stipulation included a request to dismiss Jones's claims and Sligar's counterclaim and to award Sligar "sole and exclusive ownership and right to possession of all vehicles . . . where ever [sic] located, that were the subject of the underlying dispute and claims between the parties (including the preceding party Plaintiff/Counterdefendant Michael Von Jones)." On January 31, 2022, the district court entered a judgment that dismissed *Sligar I* with prejudice and an order that reflected the terms of the joint stipulation. A copy of the Judgment was promptly served on Jones.

On March 25, 2022, Jones filed a second lawsuit against Sligar (*Sligar II*); that will be discussed in more detail in Section I.B.

4

Several months later, on July 19, 2022, Jones filed a motion to set aside the judgment and order dismissing *Sligar I* under Idaho Rule of Civil Procedure 60(b)(1), (b)(3), and (b)(6). Jones argued that he did not have notice of the other parties' stipulations to lift the stay and consolidate his small claim actions into *Sligar I* and that the language in the stipulated motion to dismiss and the district court's judgment were a surprise to him under Rule 60(b)(1). He also claimed fraud, misconduct, and misrepresentation by Safaris and Sligar because the judgment awarded property to Sligar as opposed to merely dismissing Jones's claims.

On August 25, 2022, the district court heard argument on Jones's motion. The district court questioned Jones's counsel regarding Jones's default in the case and the timing of the Rule 60(b) motion, and counsel replied that "the choice was made by Mr. Jones to pursue a separate accounting first, when it became clear that that accounting was or that decision was not going to be made prior to that six-month period running, then the motion was filed to preserve that issue before this [c]ourt as well." The district court also heard arguments from both parties regarding the substance of Jones's Rule 60(b) motion, where Jones alleged both surprise and fraud based on the scope of the judgment, and argued that the small claim actions should not have been consolidated with *Sligar I.*

Following oral arguments, the district court ruled from the bench and denied Jones's Rule 60(b) motion in its entirety. The district court ruled:

> THE COURT: . . . The motion is denied in all respects. And I think there's a lot to touch on.
>
> To the extent that factual findings are necessary, I specifically find that the small claims cases were subject to this action. And at the time they were filed, it was essentially improper conduct, I think, in terms of trying to file separate lawsuits without counsel for things that were subject to the litigation in this case.
>
> Be that as it may, I don't know that that is a necessary finding, but, you know, it was certainly problematic at the time and improper. They were clearly subject to this case.
>
> The sheriff's sale language, I think, is broader and is broad enough to cover them because there were claims in this case covering those vehicles, so clearly they were subject to this lawsuit, so the consolidation was proper.
>
> It's really not clear there's even standing to file a Rule 60 motion, because if there somehow were, an appeal should have been filed. And I think that would have been met with a dim view, I would guess, from the Idaho Supreme Court. But it's never – it wasn't filed.

5

He was defaulted. The default was proper because Mr. Jones didn't enter an appearance.

But once that opinion was issued and finalized, Safaris owns these claims. So Mr. Jones is not a party. And Rule 60 talks about being a party. Well, even if he's a party and even if there's an arguable interest in this, the Rule 60(b) motion fails. Because while technically some of these were filed in the six months, it was not reasonable timing given the procedural posture of the case.

This case has been through all kinds of procedures, and a lawsuit, there's res judicata decided by the Supreme Court was filed in lieu of a motion in this case. And then coming up on the 60-day deadline – or six-month deadline, excuse me – which isn't actually an exact deadline because the rule says reasonable time. But some, in no event, more than six months, it's conjunctive. Yeah.

So the timing wasn't reasonable, but it's not – but even if it were, there's not a basis for Rule 60 relief. There's no mistake. There's no surprise. There was no fraud. There was no excusable neglect. There was no newly-discovered evidence. There's nothing void about this. It's been through everything and it's over.

Following the denial of Jones's motion, counsel for Sligar and counsel for Safaris sought an award of attorney fees and costs incurred in defending against Jones's motion. They requested attorney fees under Idaho Code sections 12-121 and 12-123, and Idaho Rules of Civil Procedure 11 and 54(e). The district court determined that Sligar and Safaris were the prevailing parties with respect to Jones's motion. It also determined that Jones's motion to set aside the default judgment was frivolous, noting it was "over five months before the motions to set aside were filed and undercut Mr. Jones's claims of surprise." The district court awarded attorney fees against Jones and his counsel:

> Counsel [for Jones]'s conduct does not appear to be intended to harass or annoy the other parties. However, the attempt to set aside the default judgment pursuant to I.R.C.P. 60 (b) [sic] was not supported in law or fact and will result in the fees here being ordered jointly and severally, but not pursuant to Rule 11.

The district court awarded $1,862.50 in attorney fees to Sligar and $1,484.28 in attorney fees to Safaris. Jones argues on appeal that the award of attorney fees should be vacated if this Court determines that the district court erred when it denied Jones's motion to set aside the default judgment.

## B. *Sligar II*

Following the entry of Judgment in *Sligar I* on January 31, 2022, Jones filed a second action against Sligar on March 25, 2022, where he sought an accounting of the joint venture and costs and attorney fees under Idaho Rule of Civil Procedure 54 and Idaho Code sections 12-120

6

and 12-121 (*Sligar II*). On April 14, 2022, Sligar filed a motion to dismiss the complaint on several bases, including that res judicata barred the complaint. Jones opposed the motion to dismiss and argued that because an accounting did not occur in *Sligar I*, res judicata did not bar his complaint in *Sligar II.* Following a hearing, the district court filed a notice on June 8, 2022, informing the parties of its intent to treat Sligar's motion to dismiss as a motion for summary judgment. Jones opposed the motion for summary judgment and, among other things, argued that res judicata did not bar his request for an accounting because an accounting was never completed in that case. On July 19, 2022, Jones filed his sur-reply to the motion for summary judgment in *Sligar II* and his motion to set aside the Judgment in *Sligar I.*

On July 28, 2022, the district court granted summary judgment in favor of Sligar and dismissed *Sligar II*. The district court ruled that res judicata barred Jones's claim for an accounting. The district court determined that "[p]ermitting the Plaintiff to seek an accounting in this proceeding would offend all three fundamental purposes" of the doctrine of res judicata because "this proceeding involves the same parties and [the] same claim as the prior action, and . . . a final judgment was entered in the prior action." The district court explained that the parties in *Sligar I* "had a full and fair opportunity to assert and litigate their claims in that proceeding. Indeed, the Plaintiff set forth claims for the dissolution and winding up of the parties' business venture." The district court noted that "by setting forth a claim for the dissolution and winding up of the parties' business venture . . . the complaint in the prior action in effect requested, and set forth a claim for, an accounting." The district court also addressed Jones's argument that an accounting never took place by holding that "[t]he settlement served, in effect, as the dissolution, accounting, and winding up of the parties' business venture."

On August 2, 2022, Sligar filed a motion for attorney fees and costs under Idaho Code sections 12-121 and 12-123, and Idaho Rules of Civil Procedure 54(d)(1)(C) and 54(e) in *Sligar II*. Sligar sought attorney fees jointly and severally against Jones and his attorney. Sligar also filed a supplemental affidavit in support. On August 11, 2022, Jones opposed the motion for attorney fees under section 12-123 and argued that *Sligar II* was not filed for the purpose of harassment or to increase Sligar's litigation costs, but to seek an accounting of the joint venture. For the same reasons, Jones argued that Sligar was not entitled to an award of attorney fees under section 12-121. Jones also objected to the amount of attorney fees sought.

7

The district court heard oral argument on Sligar's motion for attorney fees and costs and issued its written decision on September 16, 2022. The district court awarded costs to Sligar under Idaho Rule of Civil Procedure 54(d)(1)(A) and attorney fees to Sligar under Idaho Code section 12-121 but declined to award attorney fees as a sanction under Idaho Rule of Civil Procedure 11(c). The district court also declined to award Sligar attorney fees against Jones's counsel under Idaho Code section 12-123(2)(d). When it awarded attorney fees under Idaho Code section 12-121, the district court reiterated its earlier holding that res judicata barred Jones's request for an accounting and held that the complaint "was frivolous, unreasonable, and without foundation." The district court also noted that "[t]he Plaintiff appears to have recognized the unreasonableness of this lawsuit on or before July 19, 2022, when he filed a *Motion to Set Aside* the judgment in the prior action." In reaching its decision regarding Sligar's request for fees under section 12-123, the district court noted that "[w]hile the action was found to be legally untenable due to the parties' prior litigation and applicable principles of res judicata, it does not appear to have been brought for an improper purpose (i.e., to harass or needlessly increase the cost of litigation)." The district court stated that, "in an exercise of its discretion, the [c]ourt declines to award attorney fees joint[ly] and severally against Plaintiff's counsel under Idaho Code § 12-123."

On September 8, 2022, Jones filed his Notice of Appeal in *Sligar I* and *Sligar II*. Jones appeals the district court's denial of his Rule 60(b) motion in *Sligar I* and argues the district court's award of attorney fees in *Sligar I* should be vacated if he prevails on his appeal. Jones also appeals the district court's grant of summary judgment to Sligar in *Sligar II* and argues the attorney fee award in *Sligar II* should be vacated if this Court determines the district court erred in granting summary judgment to Sligar. Sligar cross-appeals the district court's denial of an award of attorney fees against Jones's counsel in *Sligar II*. This Court consolidated both cases on appeal.

## II.     ISSUES ON APPEAL

1. Did the district court err in consolidating the small claim actions with *Sligar I*?

2. Did the district court err in denying Jones's Rule 60(b) motion to set aside the judgment and order in *Sligar I* on the basis that the motion was not brought within a reasonable time?

3. Did the district court err in granting summary judgment to Sligar in *Sligar II* based on res judicata?

8

4. Did the district court err in declining to award attorney fees against Jones's counsel without explicitly analyzing Sligar's request under Idaho Code section 12-123(1)(b)(ii)?

5. Is either party entitled to attorney fees and costs on appeal?

## III. STANDARDS OF REVIEW

When reviewing an appeal from the denial of a motion to set aside a default judgment under Idaho Rule of Civil Procedure 60(b), we apply an abuse-of-discretion standard. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005) (citing *LeaseFirst v. Burns*, 131 Idaho 158, 161, 953 P.2d 598, 601 (1998)). "In determining the appropriate standard of review for a motion for relief under Rule 60(b), the Court must consider what subsection of the rule is being invoked." *In re SRBA Case No. 39576 Sub[c]ase No. 37-00864*, 164 Idaho 241, 248, 429 P.3d 129, 136 (2018). "Where discretionary grounds are invoked, the standard of review is abuse of discretion." *Berg v. Kendall*, 147 Idaho 571, 576, 212 P.3d 1001, 1006 (2009) (quoting *Knight Ins., Inc., v. Knight*, 109 Idaho 56, 59, 704 P.2d 960, 963 (Ct. App. 1985)). Thus, this Court reviews a district court's denial of a Rule 60(b) motion brought under subsections (b)(1), (b)(3), and (b)(6) under an abuse of discretion standard. *See generally Berg*, 147 Idaho at 576, 578, 212 P.3d at 1006, 1008 ("This Court reviews the district court's dismissal of [a] Rule 60(b)(1) motion for relief for abuse of discretion. . . . This Court reviews a trial court's dismissal of a Rule 60(b)(6) motion for relief for abuse of discretion."); *see also Brauner v. AHC of Boise, LLC*, 166 Idaho 398, 403, 459 P.3d 1246, 1251 (2020) ("[T]his Court reviews a district court's decision to deny a Rule 60(b)(3) motion under an abuse of discretion standard.").

Under an abuse of discretion standard, this Court conducts a "multi-tiered inquiry" to determine "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). Generally, "[t]he findings of fact made by the trial court in deciding the motion will not be set aside unless they are clearly erroneous." *Suitts*, 141 Idaho at 708, 117 P.3d at 122. "If the trial court applies those facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion." *Id.*

"This Court employs the same standard as the district court when reviewing rulings on summary judgment motions." *Tidwell v. Blaine County*, 172 Idaho 851, ___, 537 P.3d 1212, 1219 (2023) (quoting *Owen v. Smith*, 168 Idaho 633, 640, 485 P.3d 129, 136 (2021)). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting *Owen*, 168 Idaho at 640, 485 P.3d at 136). "A moving party must support its assertion by citing particular materials in the record or by showing the materials cited do not establish the presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the facts." *Id.* (cleaned up). "Summary judgment is improper 'if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented.'" *Id.* (quoting *Owen*, 168 Idaho at 641, 485 P.3d at 137). "A 'mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment.'" *Id.* (quoting *Owen*, 168 Idaho at 641, 485 P.3d at 137). Questions of law are reviewed de novo. *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012). "Whether an action is barred by *res judicata* is a question of law." *Id.* (citation omitted).

"This Court applies an abuse of discretion standard when reviewing a district court's award of attorney fees, and the party appealing an award of statutory attorney fees bears the burden of demonstrating a clear abuse of that discretion." *Berkshire Invs*., 153 Idaho at 80, 278 P.3d at 950. When we analyze whether the trial court abused its discretion, this Court applies the four-part abuse of discretion standard that is articulated above in *Lunneborg*. We note that "it is important that a reviewing court evaluate the trial court's decision from its perspective when it had to rule rather than indulge in review by hindsight." *Gilbert v. Radnovich*, 171 Idaho 566, 573, 524 P.3d 397, 404 (2023) (cleaned up) (quoting *United States v. Tsarnaev*, 595 U.S. 302, 321 (2022)).

## IV.     ANALYSIS

### A.     The district court did not err in consolidating the small claim actions with *Sligar I*.

Jones argued below and on appeal that the district court erred when it consolidated his small claim actions with *Sligar I*. Jones maintains that the small claim actions were unrelated to *Sligar I* because (1) they were filed in 2019, over two years after *Sligar I* was filed and a year after the 2017 sheriff's sale, and (2) they involved alleged damage to two trucks Jones claims were his separate personal property.

Rule 7 of the Idaho Rules for Small Claim Actions provides:

When a defendant in an action under these rules files an action in the district court or the magistrate division which arises out of the same transaction or occurrence, or is similar to a compulsory counterclaim pursuant to Rule 13(a), Idaho Rules of Civil Procedure, the judge presiding over the non-small claim action must order the small claim action transferred and consolidate the actions for trial.

I.R.S.C.A. 7. Generally, "the trial court is vested with a discretion to consolidate or refuse to do so, and the exercise of such discretion will not be reviewed except in a case of palpable abuse." *Branom v. Smith Frozen Foods of Idaho, Inc.,* 83 Idaho 502, 508, 365 P.2d 958, 961 (1961) (discussing consolidation of actions under Idaho Rule of Civil Procedure 42).

Initially, Jones objected to Sligar's motion to consolidate the small claim actions because he claimed there was "no overlap" between those actions and *Sligar I*. Meanwhile, Sligar argued that the two trucks that were the subject of the small claim actions were part of the disputed property at issue in *Sligar I*. The district court entered a stay regarding the consolidation pending the outcome of *Safaris III*. Jones sought to extend the stay and filed a declaration of counsel in support of extending the stay. However, Jones did not provide the district court with any documentation related to ownership of the two trucks or other information that would distinguish the two trucks at issue in the small claim actions from the vehicles that were part of the proposed inventory in *Sligar I*. The district court did not consider Jones's arguments opposing consolidation of the small claim actions with *Sligar I* because Jones defaulted in *Sligar I* and, after Safaris was substituted as the party plaintiff in place of Jones, Safaris and Sligar stipulated to consolidate the cases.

At the hearing on the motion for relief from judgment, Jones argued that he had not defaulted in *Sligar I* because he had previously filed a written notice of appearance as a self-represented litigant before he obtained an attorney and that notice of appearance continued in effect after his then-attorney withdrew. Jones also argued that he had not defaulted in the small claim actions and that he had not had the opportunity to argue against the consolidation before the cases were consolidated. Jones contended that consolidation was improper because the small claim actions were filed in 2019, they alleged damage to two trucks that occurred in December 2017, and those trucks were Jones's separate property. Jones argued that the two trucks were not subject to the 2017 sheriff's sale. Sligar maintained that Jones had not submitted proof of ownership of the two trucks to the district court; in other words, Jones had not established that the two trucks were his separate property. Sligar also asserted that during the litigation several vehicles were

11

purchased in Overtime Garage's name and Sligar had returned several vehicles to Jones without conceding that Jones owned those vehicles. The district court found that, "[t]o the extent factual findings are necessary, . . . the small claims cases were subject to this action." The district court also ruled that "[t]he sheriff's sale language, I think, is broader and is broad enough to cover them because there were claims in this case covering those vehicles, so clearly they were subject to this lawsuit, so the consolidation was proper."

The district court's finding that consolidation was proper was not clearly erroneous. On appeal, Jones did not support his argument that the district court erred with any citations to the record. We note that the record below does not support a finding that the district court erred in consolidating the cases. Jones did not support his argument that the two trucks were his separate property with documentation showing proof of ownership. The district court was aware that part of the dispute in *Sligar I* concerned the ownership of several vehicles and that the parties had agreed to conduct an inventory. The district court's finding that the small claim actions were related to the disputed property at issue in *Sligar I* was not clearly erroneous because the district court was not provided with evidence supporting Jones's argument that the small claim actions were unrelated to *Sligar I*. As a result, we hold that the district court did not err when it consolidated the small claim actions with *Sligar I*.

B.     **The district court did not err in denying Jones's Rule 60(b) motion in *Sligar I* because Jones did not file the motion within a "reasonable time."**

Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than 6 months after the entry of the judgment or order or the date of the proceeding." I.R.C.P. 60(c)(1). "What constitutes a reasonable time depends upon the facts in each individual case." *Pizzuto v. State*, 168 Idaho 542, 552, 484 P.3d 823, 833 (2021) (quoting *Viafax Corp. v. Stuckenbrock*, 134 Idaho 65, 70-71, 995 P.2d 835, 840-41 (Ct. App. 2000)). "The question of what is a reasonable time under Rule 60(b) is a question of fact to be resolved by the trial court." *Id.* "[I]t should appear in such cases that the defaulting party is not guilty of indifference or unreasonable delay; that he acts promptly and diligently in seeking relief" from the judgment. *Stoner v. Turner*, 73 Idaho 117, 121, 247 P.2d 469, 471 (1952). "The six-month period specified in Rule 60(b) is the outermost limit, and a motion may be rejected as untimely if not made within a 'reasonable time' even though the six-month period has not elapsed."

*Viafax*, 134 Idaho at 71, 995 P.2d at 841 (citations omitted). "We defer to the trial court's findings on that issue unless they are clearly erroneous." *Id.* (citations omitted).

Both parties cite *Viafax* in support of their arguments, and the case is instructive here. The Court of Appeals in *Viafax* held that the defaulting party did not bring its Rule 60(b) motion within a reasonable time when the motion was delayed nearly five months without explanation. 134 Idaho at 71, 995 P.2d at 841. The *Viafax* court upheld the district court's finding that "Viafax had not acted with reasonable diligence in seeking relief from the judgment," when Viafax was promptly served with the entry of default judgment, filed a separate request for a trial setting, and then filed a motion to set aside the judgment five months later. *Id.* at 70-71, 995 P.2d at 840-41.

In this case, Jones was promptly served with a copy of the judgment after its entry but failed to file his Rule 60(b) motion for five months and nineteen days after the judgment was served. Instead, Jones filed a separate lawsuit against Sligar and did not file his Rule 60(b) motion in *Sligar I* until he was facing summary judgment in *Sligar II*. Jones's counsel indicated that the timing of the motion was a choice made by Jones to pursue an accounting of the business venture first. Similar to the plaintiff in *Viafax,* Jones's delay in bringing the Rule 60(b) motion was not reasonable, even though it was brought within six months. There is no question that Jones received notice of the default and default judgment when they were entered; however, he opted to file a second lawsuit seeking an accounting and waited over five months before seeking relief from the default judgment. Under the circumstances, the district court exercised its discretion reasonably in determining that Jones did not bring his Rule 60(b) motion within a reasonable time. Thus, the district court's denial of the motion is affirmed.

Because we affirm the district court's denial of the Rule 60(b) motion as untimely, we need not reach the other issues raised by Jones with respect to *Sligar I* and will next address the issues raised in *Sligar II.*

**C.** **The district court did not err in granting summary judgment in *Sligar II* because claim preclusion barred Jones's request for an accounting.**

The doctrine of res judicata includes issue preclusion, sometimes referred to as collateral estoppel, and claim preclusion. *Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951. Res judicata serves three purposes:

> (1) it preserves the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results; (2) it serves the public interest in protecting the courts against the burdens

13

of repetitious litigation; and (3) it advances the private interest in repose from the harassment of repetitive claims.

*Ticor Title Co v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007).

Claim preclusion, as opposed to issue preclusion, "bars adjudication not only on the matters offered and received to defeat the claim, but also as to every matter which might and should have been litigated in the first suit." *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (internal quotation marks and citation omitted). Claim preclusion is broader than issue preclusion. "In other words, when a valid, final judgment is rendered in a proceeding, it extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Id.* (internal citations and quotation marks omitted). "Under this doctrine, a claim is also precluded if it *could have been brought* in the previous action, regardless of whether it was *actually brought*," provided that: "(1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties as the original action, and (3) the present claim arises out of the same transaction or series of transactions as the original action." *Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951 (emphasis added) (citing *Ticor Title Co.*, 144 Idaho at 125–27, 157 P.3d at 618–20).

"We have clearly stated that a dismissal with prejudice operates as a final judgment for purposes of res judicata." *Maravilla v. J.R. Simplot Co.*, 161 Idaho 455, 458–459, 387 P.3d 123, 126–127 (2016). "This is true even when the dismissal with prejudice is stipulated to by the parties." *Id.* (citing *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 614, 826 P.2d 1322, 1326 (1992)). The effect of a stipulation of dismissal with prejudice for res judicata purposes is "as if the parties had proceeded to trial." *Kawai Farms, Inc.*, 121 Idaho at 614, 826 P.2d at 1326.

We hold that claim preclusion barred Jones's request for an accounting. The district court correctly held that "principles of res judicata" applied to *Sligar II,* even if the district court did not specify whether issue preclusion or claim preclusion applied. The district court correctly noted that *Sligar II* involved the same parties and "the complaint in the prior action is based on the same facts and circumstances as the *Complaint* filed in this proceeding." The district court also noted that, "[w]hile the complaint in the prior action did not specifically demand an accounting, an accounting is an integral and necessary part of dissolving and winding up a joint business venture." The district court determined that *Sligar II* raised the same claim for an accounting "despite a final judgment being entered in the prior action." As a result, Jones's argument fails because even if an accounting was not expressly sought and did not take place in *Sligar I,* it is the type of claim that Jones *should*

14

*have* pursued in *Sligar I* as part of his dissolution and winding up of claims and not in a separate lawsuit.

**D.      The district court's award of attorney fees in *Sligar I* is affirmed.**

Jones appealed the award of attorney fees in *Sligar I* only in the event that this Court reversed the district court's denial of his Rule 60(b) motion. Because we affirm the district court's decision, we also affirm the award of attorney fees in *Sligar I*.

**E.      The district court's award of attorney fees in *Sligar II* is affirmed.**

Sligar cross-appealed on the limited issue of whether the district court erred in *Sligar II* by awarding attorney fees to Sligar under Idaho Code section 12-121 against Jones but not under Idaho Code section 12-123(2)(d) against Jones's counsel. Sligar argues that the district court reached its decision "without any explanation" and "appears to conflate Rule 11 with I.C. § 12-123" in its analysis. Sligar maintains that the district court's award of attorney fees is confusing because the district court only addressed the basis for attorney fees under Idaho Code section 12-123(1)(b)(i) and did not address Idaho Code section 12-123(1)(b)(ii), despite the fact that Sligar's memorandum in support of the motion for attorney fees and costs explicitly referenced both subsections. Sligar claims he is "left with mere speculation as to the district court's reasoning" and asks this Court to remand to the district court for clarification or reconsideration with respect to the award. We affirm the district court's award of attorney fees, as discussed below.

Whether to award attorney fees under Idaho Code section 12-123 is discretionary. I.C. § 12-123(2)(a) ("In accordance with the provisions of this section, . . . the court may award reasonable attorney's fees to any party. . . adversely affected by frivolous conduct."). This section allows the trial court to award attorney fees in response to conduct that either (i) "obviously serves merely to harass or maliciously injure another party" or (ii) "is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." I.C. § 12-123(1)(b)(i), (ii). If offending conduct of either type (i) or type (ii) causes the trial court to award attorney fees, it may award fees against a party, its counsel, or both.

In this case, the district court declined to award attorney fees against Jones's counsel based on type (i) conduct. Sligar contends the district court failed to consider whether to award attorney fees based on type (ii) conduct, and Justice Zahn, in her dissent, appears to agree. However, it is clear from the record that the district court considered an award of attorney fees based on type (ii)

15

conduct and declined to award fees under this subsection. The key portion of the district court's decision states:

> While the action was found to be legally untenable due to the parties' prior litigation and applicable principles of res judicata, it does not appear to have been brought for an improper purpose (i.e., to harass or needlessly increase the cost of litigation). Consequently, the [c]ourt will not award sanctions against Plaintiff's counsel . . . . [I]n an exercise of its discretion, the [c]ourt declines to award attorney fees joint[ly] and severally against Plaintiff's counsel under Idaho Code § 12-123.

It is clear from this section of the district court's opinion that type (ii) conduct occurred as Jones's accounting claim was determined to be "legally untenable" or, in other words, frivolous, as the district court noted when it awarded fees against Jones under Idaho Code section 12-121. It is also clear that type (i) conduct did not occur as the accounting claim was not filed to merely harass or injure Sligar. Under these circumstances, the record is clear that the district court determined type (ii) conduct alone did not warrant awarding attorney fees under section 12-123(2)(d). As a result, there is no reason to remand *Sligar II* for the district court to further consider Sligar's request for attorney fees.

Sligar points to the joint-and-several award of attorney fees under Idaho Code sections 12-121 and 12-123(d) in *Sligar I* as "standing precedent" in support of his argument that the district court abused its discretion in the attorney fee award in *Sligar II.* We are not persuaded. The conduct in both actions was different: in *Sligar I* Jones defaulted and then delayed in seeking relief for several months, while in *Sligar II* Jones sought a request for an accounting. "As we have now noted repeatedly, it is within the district court's discretion to weigh credibility and make inferences when deciding whether to award sanctions." *Gilbert v. Radnovich*, 171 Idaho 566, 581, 524 P.3d 397, 412 (2023). We hold that the district court did not abuse its discretion in declining to award joint and several attorney fees against Jones and his counsel under Idaho Code section 12-123(1)(b)(ii) and 12-123(2)(d).

We do note that the better practice would be for the district court to separately address each of the parties' arguments under different rules or statutes with respect to requests for attorney fees. However, we determine that to remand in this instance would be an exercise in ritualistic formalism as the district court's decision would be unlikely to change. While it is preferable for a district court to separately address each of the provisions under which a party seeks attorney fees, it is not necessary for the trial court to reduce its entire analysis to writing so long as the record clearly indicates what the trial court considered in reaching its decision. "[T]he bottom line in an award

16

of attorney's fees is reasonableness." *Johannsen v. Utterbeck*, 146 Idaho 423, 433, 196 P.3d 341, 351 (2008) (citation omitted).

### F. Attorney fees on appeal.

"Attorney fees on appeal are not awarded as a matter of right." *Ackerman v. Bonneville County*, 140 Idaho 307, 313, 92 P.3d 557, 563 (Ct. App. 2004). When both sides prevail in part on appeal, attorney fees are not awarded on appeal. *See City of Middleton v. Coleman Homes, LLC*, 163 Idaho 716, 732, 418 P.3d 1225, 1241 (2018). Jones sought an award of attorney fees on appeal under Idaho Code section 12-120(3) and Idaho Appellate Rule 41 in both *Sligar I* and *Sligar II*. Sligar sought an award of attorney fees on appeal under Idaho Code sections 12-121 and 12-123(2)(d), Idaho Rule of Civil Procedure 11, and Idaho Appellate Rule 41 in both *Sligar I* and *Sligar II*. We will discuss each request in turn.

Idaho Code section 12-123 does not provide for attorney fees on appeal. *See Papin v. Papin*, 166 Idaho 9, 43, 454 P.3d 1092, 1126 (2019); *see also Spencer v. Jameson*, 147 Idaho 497, 507, 211 P.3d 106, 116 (2009) ("[A]ttorney fees are not awardable under I.C. § 12-123 for the appellate process."). Thus, Sligar is not entitled to attorney fees on appeal in either case under Idaho Code section 12-123.

1.    *Jones is not entitled to attorney fees on appeal because he did not prevail on his appeal in either case.*

Attorney fees are awarded under Idaho Code section 12-120(3) when the action arises out of a commercial transaction. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 274–75, 869 P.2d 1365, 1369-70 (1994). Attorney fees may be awarded under this section in the underlying case as well as on appeal. *Id.* at 275, 869 P.2d at 1370. However, the party seeking an award of attorney fees under this section must be the prevailing party in the action. *Id.* Because Jones did not prevail on his appeal in either case, Jones is not entitled to an award of attorney fees.

2.    *Sligar is entitled to an award of attorney fees on appeal in Sligar I under Idaho Code section 12-121.*

Idaho Code section 12-121 provides: "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. "Fees are warranted under that provision if the appeal, or any part of it, was brought frivolously, unreasonably, or without foundation." *Pickering v. Sanchez*, ___ Idaho ___, 544 P.3d 135, 147 (2024) (citing *Kelly v. Kelly*, 171 Idaho 27, 49, 518 P.3d 326, 348 (2022)). "Idaho Code section

12-121 allows the award of attorney fees in a civil action if the appeal merely invites the Court to second guess the findings of the lower court." *Nipper v. Wootton*, 173 Idaho 330, ___, 542 P.3d 1279, 1289 (2024) (quoting *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021)).

In this case, we find that Jones's appeal of the district court's decision in *Sligar I* was pursued frivolously, unreasonably, or without foundation because it merely invited this Court to second guess the district court's determination that his Rule 60(b) motion was untimely. As a result, we award attorney fees to Sligar under Idaho Code section 12-121 in connection with Jones's appeal in *Sligar I*.

3. *Sligar is not entitled to attorney fees on appeal in Sligar II because it did not prevail on cross-appeal.*

Sligar sought attorney fees on appeal in *Sligar II* under Idaho Code section 12-121. Idaho Code section 12-121 requires a prevailing party. Because Sligar did not prevail on cross-appeal, Sligar is not the prevailing party. *See Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 274, 483 P.3d 313, 331 (2021). Although Sligar prevailed on the issues that Jones appealed to this Court, it did not prevail with respect to the attorney fee issue it cross-appealed. "[A] respondent should carefully consider whether to file a cross-appeal because losing the cross-appeal may result in not being able to recover attorney fees incurred in defending the appeal." *Tapadeera v. Knowlton,* 153 Idaho 182, 189, 280 P.3d 685, 692 (2012). As a result, we decline to award attorney fees under section 12-121 on appeal in *Sligar II* because Sligar was not the prevailing party.

## V. CONCLUSION

For the above-stated reasons, we affirm both district courts in all respects. Sligar is awarded attorney fees on appeal in *Sligar I*, but neither party is awarded attorney fees on appeal in *Sligar II*. Neither party is awarded costs on appeal.

Justice MOELLER, CAWTHON, J. Pro Tem, and SCOTT, J. Pro Tem CONCUR.


ZAHN, Justice, dissenting in part.

While I agree with the majority's analysis disposing of the issues raised in Mike Jones's appeals, I do not agree with its analysis in Section IV.E. concerning the cross-appeal by Jeremy Sligar and Overtime Garage, LLC (collectively, "Sligar"). Idaho Code section 12-123(1)(b) sets forth two separate circumstances under which attorney fees may be awarded. The district court's decision on Sligar's motion for attorney fees failed to address one of those grounds. I cannot tell

18

whether the district court intended to deny the motion in its entirety and failed to explain its reasoning for denying the request under section 12-123(1)(b)(ii) or mistakenly failed to address it. Regardless of which occurred, the appropriate remedy is to vacate the district court's decision denying Sligar's motion and remand so the district court can decide whether Sligar should be awarded attorney fees pursuant to Idaho Code section 12-123(1)(b)(ii).

Following the entry of judgment dismissing *Jones v. Sligar*, No. 50097 (Idaho) ("*Sligar II*"), with prejudice, Sligar filed a motion for attorney fees on multiple grounds. The only grounds at issue in Sligar's cross-appeal are those contained in Idaho Code section 12-123. That code section permits an award of reasonable attorney fees against a party, his counsel of record, or both to any party adversely affected by frivolous conduct. I.C. § 12-123(2)(a), (d). The code section provides two alternative definitions of frivolous conduct:

> "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
>
> > (i)  It obviously serves merely to harass or maliciously injure another party to the civil action;
> >
> > (ii) It is not supported in fact or warranted under the existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

I.C. § 12-123(1)(b) (emphasis added). Sligar's motion sought an award of attorney fees against Jones's counsel under both definitions of frivolous conduct because counsel for Jones had been advised of the proceedings in *Safaris Unlimited, LLC v. Sligar*, No. 50096 (Idaho) ("*Sligar I*"), and was made aware that *Sligar II* was barred by res judicata. Further, Sligar contended that Jones's counsel was given multiple opportunities to dismiss *Sligar II* before Sligar filed his motion for summary judgment, which resulted in the action being dismissed on the basis of res judicata. Sligar indicated in his fees motion that he was requesting an award of attorney fees against Jones's counsel because he expected that Jones would be judgment-proof due to his Chapter 13 bankruptcy petition and Sligar would have to incur additional fees to hire an attorney to represent his interests as he sought to recover any fees awarded directly against Jones.

In its written order denying Sligar's request for fees under section 12-123, the district court stated:

> The Defendants request that attorney fees be awarded joint and severally against both the Plaintiff and his counsel. Under Idaho Code § 12-123[(2)](d), "an award of attorney's fees pursuant to this section may be made against a party, his counsel of record, or both." Whether to award fees against counsel under Idaho

19

Code § 12-123 is a matter of discretion left to the trial court. Under Rule 11, an award of sanctions may be made against a party's counsel of record where, among other things, a pleading is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

> While the [c]ourt notes that the Plaintiff and the Defendants have a history of prior litigation, the [c]ourt does not find evidence this action was initiated for an improper purpose. The record establishes the Plaintiff initiated this proceeding in an attempt to obtain an accounting of an alleged business venture for tax purposes. While the action was found to be legally untenable due to the parties' prior litigation and applicable principles of res judicata, it does not appear to have been brought for an improper purpose (i.e., to harass or needlessly increase the cost of litigation). Consequently, the [c]ourt will not award sanctions against Plaintiff's counsel under Rule 11. Likewise, in an exercise of its discretion, the [c]ourt declines to award attorney fees joint and severally against Plaintiff's counsel under Idaho Code § 12-123.

This is the entirety of the district court's reasoning concerning the denial of Sligar's request under section 12-123.

The majority concludes that the district court's decision to deny both fees was a proper exercise of discretion because, while the district court found that Jones's claims were "legally untenable," which would constitute frivolous conduct under section 12-123(1)(b)(ii), it also concluded the claims were not brought for an improper purpose. In other words, according to the majority, while the plain language of the statute provides two alternative bases under which fees may be awarded, it was a permissible exercise of discretion to deny fees where the conduct satisfied one of the definitions of frivolous conduct, but not the other. I dissent because I do not believe the district court actually addressed the second ground identified in section 12-123. Moreover, I disagree with the majority's analysis because I do not believe that a holding that conduct was not frivolous under one of the statutory bases equates to a reasoned decision that fees were not merited under both bases of the statute, especially where the district court found in the same order that the conduct was frivolous.

Idaho Code section 12-123(1)(b) permits the trial court to award reasonable attorney's fees in two separate circumstances. The first is when the litigation is filed merely to harass or maliciously injure another. I.C. § 12-123(1)(b)(i). The second is when the litigation is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. I.C. § 12-123(1)(b)(ii). These are distinct grounds. Under the plain language of the statute, either is sufficient to justify an award of fees. The district court erred because its decision failed to address both grounds.

20

In denying Sligar's motion under section 12-123, the district court's reasoning focused entirely on the first circumstance and found fees were not merited under the statute because Jones did not bring his lawsuit for an improper purpose. At no point did the district court acknowledge that there were two bases under which fees could be awarded and that Sligar sought fees under both. Instead, the district court's decision focused entirely on the first circumstance and concluded that the litigation was not filed for an improper purpose. Its passing acknowledgement that the claims were "legally untenable" did not address the second circumstance under which fees could be awarded. It never discussed the statutory language for the second basis and did not discuss whether Jones's claims were supported by a good faith argument for an extension, modification, or reversal of existing law. As a result, I cannot tell whether the district court intended to deny the motion under that second circumstance or just mistakenly failed to address it.

My concern that the district court mistakenly neglected to address the second circumstance stems not only from its lack of discussion, but also from the fact that in the same order, it effectively concluded that Jones's lawsuit was not supported by existing law when it awarded fees against Jones under section 12-121. That statute permits an award of attorney fees to the prevailing party "when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." That circumstance is very similar to the second circumstance contained in section 12-123(1)(b)(ii). If Jones's conduct was sufficient to support an award of fees under section 12-121, then that suggests it met the second circumstance contained in section 12-123(1)(b)(ii). I would expect the district court to explain why an award of fees was not merited under that second circumstance. I recognize that the award of attorney fees is discretionary. *Gilbert v. Radnovich*, 171 Idaho 566, 572, 524 P.3d 397, 403 (2023). And I acknowledge that the circumstances described in the two statutes are not identical and that the district court could conclude the conduct met the requirements of section 12-121 but not section 12-123. But they are similar enough that when one results in the award of fees and the other does not, a discussion of the reasoning for each decision should follow. The district court's failure to even mention the second circumstance causes me to question whether it mistakenly failed to address it.

A litigant can bring a claim for a proper purpose, yet still have no legal basis for the claim and no good faith argument that the law should be modified to provide a legal basis. The plain language of section 12-123(1)(b) acknowledges this, and the statute expressly provides that if either circumstance is true, then fees may be awarded against the litigant or his counsel. In the

21

absence of any explanation or discussion, I cannot evaluate whether the district court recognized the legal standards applicable to its decision—specifically that the two circumstances described in section 12-123(1)(b) are separate and distinct grounds for awarding attorney fees. A lower court errs when it does not provide sufficient reasoning and analysis for this Court to review. *Davis v. Tuma*, 167 Idaho 267, 278, 469 P.3d 595, 606 (2020). In the absence of any discussion of section 12-123(1)(b)(ii), I cannot tell whether the district court ruled on that part of the motion, and if it did, whether it abused its discretion. As a result, I would vacate the district court's decision denying Sligar's motion for attorney fees under section 12-123 and remand for further consideration.

Contrary to the majority's opinion, remand in this instance would not be "an exercise in ritualistic formalism . . . ." The recitation of facts at the beginning of the majority opinion demonstrates that Jones has forced Sligar and others to incur legal expenses as he has litigated against them, defaulted, appealed and lost, and then litigated further. Sligar was forced to incur fees to uphold his judgment in *Sligar I* and obtain the dismissal of *Sligar II*. Two different district courts concluded that Jones's efforts were frivolous and without a sound basis in fact or law. The Idaho Legislature has determined that individuals, like Jones, who file frivolous lawsuits, may be forced to pay their opponents' attorney fees. The Idaho Legislature has similarly determined that Idaho attorneys who aid in the filing and litigating of these lawsuits may also be ordered to bear some financial responsibility for forcing others to incur costs. Sligar explained in his motion for fees that he sought an award of attorney fees against both Jones and his legal counsel because he expected Jones to be judgment-proof following his bankruptcy. The decision on this motion may determine whether Sligar is able to recover the attorney fees he has incurred in defending these frivolous actions. He is entitled to have both grounds of his motion addressed.

I recognize that our trial courts are extremely busy and have many matters requiring their attention. I do not take it lightly that my decision would add to an already overwhelming workload. However, Sligar is entitled to have a decision on all the grounds asserted in his motion. Because it appears that the district court failed to address the second circumstance described in section 12-123(1)(b)(ii), I would vacate the district court's decision and remand for further proceedings. I therefore respectfully dissent from Section IV.E. of the majority's decision.